IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL DUQUE,

    Plaintiff,

  v.                                                                                  No. CV 10-0637 MV/DJS

CURRY COUNTY MANAGER,
CURRY COUNTY DETENTION CENTER,
COUNTY JAIL ADMINISTRATOR,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is confined in the Curry County, New Mexico, Detention Center. The complaint names the county manager, the detention center, and the jail administrator as Defendants. Plaintiff alleges that he was about to enter a plea agreement when he was transferred or extradited to a facility in Texas, in "violation [of] the extradition process." The transfer caused him to lose the plea deal he had struck with New Mexico prosecutors, resulting in an additional eight months of incarceration. The complaint seeks damages.

The initial question before the Court in this action under 42 U.S.C. § 1983 is whether a prosecutor's plea offer confers a federal right on a state criminal defendant. "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' " *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (quoting § 1983). A § 1983 complaint must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988); *and cf. Mehdipour v. Matthews*, 386 F. App'x 775, ---, 2010 WL 2748802, at *3 n.3 (10th Cir. 2010) ("If, [as here], jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a "state action" warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).").

Plaintiff alleges that he was in final plea negotiations with New Mexico authorities when he was transferred or extradited to Texas. "No one contests the rule that plea offers are executory in nature and that, under *Mabry*[ *v. Johnson*, 467 U.S. 504 (1984),] and *Weatherford*[ *v. Bursey*, 429

2

U.S. 545 (1977)], a prosecutor may, consistent with due process, decline to offer or withdraw an offer." *Williams v. Jones*, 571 F.3d. 1091, 1094 (10th Cir. 2009).  Stated otherwise, "plea offers are discretionary and the assistant district attorney was not required to extend one or keep an offer open."  *Williams*, 571 F.3d. at 1091.  And as noted in the context of a federal criminal proceeding, "a defendant has no right to have a plea bargain accepted.  The rejection of a plea bargain therefore does not involve "an important right which would be 'lost, probably irreparably,' if review had to await final judgment."  *United States v. Carrigan*, 778 F.2d 1454, 1465 (10th Cir. 1985) (internal citations omitted).

The Court assumes, for purposes of this order only, that the New Mexico prosecutor's alleged withdrawal of a plea offer resulted from Plaintiff's extradition/transfer to Texas.  Plaintiff's anticipated plea deal, however, had not been executed or accepted by the state court.  Under the cases cited above, neither Plaintiff's extradition/transfer nor the withdrawal of a plea offer violated a federal right held by him.  His allegations do not state a claim for relief, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE